UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,                  :   STIPULATION AND ORDER

      Plaintiff,                           :   05 Civ. 7722 (CM)

      - v -                                :

ALL ASSETS OF BAYOU ACCREDITED            :
FUND, LLC; BAYOU AFFILIATES
FUND, LLC; BAYOU NO LEVERAGE              :
FUND, LLC; BAYOU SUPERFUND, LLC;
BAYOU SECURITIES, LLC; BAYOU              :
MANAGEMENT, LLC; AND BAYOU
FUND LLC,                                 :

INCLUDING, BUT NOT LIMITED TO,
APPROXIMATELY $100,010,673.68
ON DEPOSIT AT BANK OF AMERICA             :
IN THE NAME OF THE ARIZONA STATE
TREASURER AND REFERENCED AS
SW 2005-001633,                           :

AND ALL INTEREST AND OTHER                :
PROCEEDS TRACEABLE THERETO,
                                          :
      Defendants in Rem.
------------------------------------x

      WHEREAS, on September 1, 2005, the United States filed a complaint seeking civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984 of all right, title and interest in all assets of Bayou Accredited Fund, LLC; Bayou Affiliates Fund, LLC; Bayou No Leverage Fund, LLC; Bayou Superfund, LLC; Bayou Securities, LLC; Bayou Management, LLC; and Bayou Fund LLC (hereinafter referred to collectively as "Bayou"), on the ground that the defendant property constitutes the proceeds of mail fraud, wire fraud, and securities fraud, and property traceable to such property;

WHEREAS, the property subject to forfeiture includes the real property and appurtenances known as 261 Bayberry Lane, Westport, Connecticut (the "Westport Property");

WHEREAS, Daniel E. Marino ("Marino") represents that title to the Westport Property is held in his name;

WHEREAS, Marino further represents that the Westport Property is subject to [list liens, mortgages]; *see attached list of encumbrances ass*

WHEREAS, Marino further represents that, [lien and mortgage holders excepted], he has sole authority to enter into this Stipulation;

WHEREAS, the United States and Marino agree that the Westport Property should be sold to preserve its value pending a final adjudication on the merits;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between plaintiff, United States of America, by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, Margery B. Feinzig and Barbara A. Ward, Assistant United States Attorneys, of counsel, and Daniel E. Marino, as follows:

1. Marino is authorized to sell the Westport Property in an arm's length transaction for fair market value, subject to the prior approval, of all particulars of the transaction, by the United States Attorney's Office for the Southern District of New York ("the Office").

2. Reasonable closing costs, outstanding liens, mortgages, and taxes on the property shall be satisfied from the gross proceeds of the sale, subject to the prior approval of the Office.

3. The net proceeds from the sale shall serve as a substitute *res* for the Westport Property in this action and shall be remitted to and held by the United States Marshals Service until further order of the Court.

4. Marino will retain custody, control, and responsibility for the Westport Property until the interlocutory sale has been completed.

5. Marino is hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, the United States Marshals Service, and the United States Attorney's Office for the Southern District of New York, in connection with, or arising out of, the United States' actions against and relating to the Westport Property.

6. Marino further agrees to hold harmless the United States and any and all of the United States' agents and employees, including the Federal Bureau of Investigation, the United States Marshals Service, and the United States Attorney's Office for the Southern District of New York, from any and all claims, including third party claims, in connection with or

arising out of the United States' actions against and relating to the Westport Property.

7. The United States and Marino shall each bear their own costs and attorneys' fees, subject to the provisions of paragraph 2.

8. The signature pages of this Stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

9. This Stipulation constitutes the entire agreement between the United States and Marino with respect to the Westport Property and may not be amended except by written consent of the same.

10. The exclusive jurisdiction and venue for any dispute arising between and among the signatories to this Stipulation, and for any action related in any way to an indemnification under this Stipulation, will be the United States District Court for the Southern District of New York, and this Court, by its endorsement of this Stipulation and Order, expressly retains such authority.

Dated: New York, New York
     Sept. 16, 2005

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York
                Attorney for the Plaintiff
                United States of America

By: _____
MARGERY B. FEINZIG (MF-0553)
BARBARA A. WARD (BW-4314)

_____  9-16-05 at 10:04 AM
DANIEL E. MARINO

_____
ANDREW BOWMAN, ESQ. (AB-568)
Attorney for Daniel E. Marino

SO ORDERED:

_____   Date: 9/16/05
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

5

AMERICAN LAND TITLE ASSOCIATION
COMMITMENT

ALTA Standard Form (1966)



# TICOR TITLE INSURANCE COMPANY

## COMMITMENT FOR TITLE INSURANCE

TICOR TITLE INSURANCE COMPANY, a California Corporation, herein call the Company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed insured named in Schedule A, as owner of mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations which are hereby incorporated by reference and are made a part of the Commitment.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title Insurance and all liability and obligations hereunder shall cease and terminate six (6) months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Ticor Title Insurance Company has caused this Commitment to be signed and sealed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

Issued By:

_____
Authorized Signatory

American Land Title Association | Conditions and Stipulations
ALTA Standard Form (1966)

## Conditions and Stipulations

1. The term "mortgage," when used herein, shall include charge, mortgage, hypotheque, deed of trust, trust deed, or other security instrument.

2. If the proposed Insured has or acquires actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions and Stipulations.

3. Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions, the Exclusions from Coverage and the Conditions and Stipulations of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

TICOR TITLE INSURANCE COMPANY
SCHEDULE A

Commitment No.: 05-14590

1. Effective Date: June 27, 1961 to August 30, 2005 at 8:00 A.M.

2. Policy or Policies to be issued:

( ) ALTA Owner's Policy
   Proposed Insured:
   Amount:

( ) ALTA Loan Policy
   Proposed Insured:
   Amount:

( ) Proposed Insured:
   Amount: $

3. The estate or interest in the land described or referred to in this Commitment and covered herein is fee simple and title thereto is at the effective date hereof vested in:

Daniel F. Marino
(Volume 2317 Page 231, October 22, 2003)

The land referred to in this Commitment is located at:

Address:     261 Bayberry Lane
City/Town:   Westport
County:      Fairfield
State:       Connecticut

and is further described in Schedule A attached.

NOTE: UNLESS A SPECIFIC AMOUNT OF INSURANCE IS STATED ON THIS SCHEDULE A, OR SET FORTH IN AN ENDORSEMENT TO THIS COMMITMENT, THE LIABILITY OF THE COMPANY SHALL NOT EXCEED $1,000.00

THIS COMMITMENT IS ISSUED SOLELY FOR THE PURPOSE OF FACILITATING THE ISSUANCE OF A POLICY OR POLICIES OF TITLE INSURANCE.

# SCHEDULE A

All that certain tract or parcel of land with the improvements thereon, situated in the Town of Westport, County of Fairfield and State of Connecticut, shown and designated as Plot A2 in quantity 2.017 acres on a certain map entitled "Survey Prepared for Vera Welsh, Westport, Conn. Scale 1" = 60' May, 1961, Certified Substantially Correct, Charles S. Lyman, Land Surveyor, which map is on file in the Westport Town Clerk's Office as Map No. 5203, said premises being more particularly bounded and described as follows:

| | |
|---|---|
| NORTHERLY | by a 25 foot right of way, a distance of 168.46 feet; |
| EASTERLY | by Bayberry Lane, a distance of 438.22 feet; |
| SOUTHERLY | by land now or formerly of Rose Apisdorf, a distance of 212.51 feet; and |
| WESTERLY | in part by land now or formerly of Rose Apisdorf and in part by Plot A1, a distance of 464.11 feet, all as shown on said map. |

Being the same premises known as 261 Bayberry Lane, Westport, Ct. 06880.

SCHEDULE B

Commitment No.: 05-14590

PROVIDED THE PROPER INSTRUMENT(S) CREATING THE ESTATE(S) OR INTEREST(S) TO BE INSURED MUST BE EXECUTED AND DULY FILED FOR RECORD:

The policy or policies to be issued will contain exceptions to the following unless the same are disposed of to the satisfaction of the Company.

1. Rights of tenants and parties in possession.

2. Any state of facts which an accurate survey or personal inspection of the premises would disclose.

3. Any lien, or right to lien, for services, labor or materials theretofore or thereafter furnished, imposed by law and not shown by the public record.

4. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public record or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires of record, for value, the estate or interest or mortgage thereon covered by this commitment.

5. Taxes of the Town of Westport on the List of October 1, 2004 payable quarterly commencing July 1, 2005. List No.: 4667

   Total Taxes: $26,703.80, first quarter paid.   Assessment: $1,253,700.00

   Sewer Use: None         Map 5322-2   Block     Lot 12A 2

   The above tax and sewer information is for informational purposes only. Receipts should be obtained from the property owner. We assume no liability for inaccurate information.

6. Facts on Map No.: 5203.

7. Resolution of the Westport Planning and Zoning Commission dated November 2, 1993 and recorded November 19, 1993 in Volume 1279 at Page 7 of the Westport Land Records.

8. Resolution of the Westport Planning and Zoning Commission dated November 2, 1993 and recorded November 19, 1993 in Volume 1279 at Page 8 of the Westport Land Records.

9. Hold Harmless Agreement dated April 28, 2003 and recorded April 28, 2003 in Volume 2187 at Page 34 of the Westport Land Records.

10. Mortgage from Daniel E. Marino in favor of MERS, Inc., as nominee for Wachovia Mortgage Corporation in the amount of $1,000,000.00 dated December 26, 2003 and recorded January 5, 2004 in Volume 2347 at Page 70 of the Westport Land Records. PLEASE NOTE: Schedule A incorrectly identified property as Plot A1. Should be Plot A2. All other information is correct.

11. Mortgage from Daniel E. Marino in favor of Wachovia Bank, National Association in the amount of $1,300,000.00 dated December 31, 2003 and recorded January 5, 2004 in Volume 2347 at Page 90 of the Westport Land Records. Mortgage re-recorded January 12, 2004 in Volume 2349 at Page 252 of the Westport Land Records. PLEASE NOTE: Schedule A incorrectly identifies property as Plot A1. Should be Plot A2. All other information is correct.

12. Mortgage from Daniel F. Marino aka Daniel E. Marino in favor of Wachovia Bank, National Association in the amount of $600,000.00 dated April 1, 2004 and recorded April 14, 2004 in Volume 2387 at Page 12 of the Westport Land Records. PLEASE NOTE: Schedule A incorrectly identifies property as Plot A1. Should be Plot A2. All other information is correct.

End of encumbrances

## SCHEDULE B- Section II
## REQUIREMENTS

Commitment No.: 05-14590

The following requirements must be met:

a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

b) Pay us the premiums, fees and charges for the policy.

c) Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded.

d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

VOL 2317 PG 231

## WARRANTY DEED

TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETING:

KNOW YE, that I, ANDRZEJ PIEKARSKI of the Town of Monroe, County of Fairfield and State of Connecticut (herein referred to as the Grantor), for the consideration of TWO MILLION NINE HUNDRED THOUSAND DOLLARS ($2,900,000.00) received to Grantor's full satisfaction of DANIEL F. MARINO of the City of Stamford, County of Fairfield and State of Connecticut (herein referred to us as the Grantee) do give, grant, bargain, sell and convey unto the said Grantee and unto his successors and assigns forever, the premises described on Schedule A attached hereto.

TO HAVE AND TO HOLD the above granted and bargained premises, with the privileges and appurtenances thereof, unto the Grantee and unto his successors and assigns forever to Grantee and his own use and behoof. And also, Grantor does for himself, his successors and assigns, covenant with Grantee and with his successors and assigns, that at and until the ensealing of these presents, Grantor is well seized of the premises, as a good indefeasible estate in FEE SIMPLE; and has good right to bargain and sell the same in manner and form as above written; and that the same is free from all encumbrances whatsoever, except as above stated.

AND FURTHERMORE, Grantor does by these presents bind Grantor and his successors and assigns forever to warrant and defend the above granted and bargained premises to Grantee and his successors and assigns against all claims and demands whatsoever, except as above stated.

IN WITNESS WHEREOF, Grantor has set his hand and seal this 15th day of October, 2003.

Signed, sealed and delivered in
the presence of:

_____        _____
Richard H. Saxl                Andrzej Piekarski

_____
NANCY L. KENNEDY

STATE OF CONNECTICUT )
                     ) ss:        October 15, 2003
COUNTY OF FAIRFIELD  )

Personally appeared Andrzej Piekarski, signer and sealer of the foregoing instrument and acknowledged the same to be his free act and deed before me.

STATE $25,000.00
TOWN $ 7,250
[CONVEYANCE TAX COLLECTED stamp - Patricia H. Strauss, TOWN CLERK OF WESTPORT]

_____
Richard H. Saxl
Commissioner of the Superior Court

### SCHEDULE "A"

All that certain tract or parcel of land with the improvements thereon, situated in the Town of Westport, County of Fairfield and State of Connecticut, shown and designated as Plot A2 in quantity 2.017 acres on a certain map entitled "Survey Prepared for Vera Welch, Westport, Conn. Scale 1" = 60' May, 1961, certified "Substantially Correct", Charles S. Lyman, Land Surveyor, which map is on file in the Westport Town Clerk's Office as Map No. 5203, said premises being more particularly bounded and described as follows:

NORTHERLY:   By a 25 foot right of way, a distance of 168.46 feet;
EASTERLY:    by Bayberry Lane, a distance of 438.22 feet;
SOUTHERLY:   By land now formerly of Rose Apisdorf, a distance of 212.51 feet; and
WESTERLY:    in part by land now or formerly of Rose Apisdorf and in part by Plot A1, a distance of 464.11 feet, all as shown on said map;

Being the same premises known as 261 Bayberry Lane, Westport, CT 06880

Subject to:

1. Building lines, if established, zoning regulations and any and all provisions of an ordinance, municipal regulation or public or private law.
2. Taxes to the Town of Westport, next becoming due and payable.

RECEIVED FOR RECORD  OCTOBER 22, 2003 AT 9:35 A.M.    BY _____
                                                          WESTPORT TOWN CLERK