USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | STIPULATION AND ORDER |
| -v.- | : | |
| | : | 05 Cr. 1036 (CM) |
| DANIEL E. MARINO, | : | |
| Defendant. | : | |

------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | 05 Civ. 7722 (CM) |
| - v - | : | |
| ALL ASSETS OF BAYOU ACCREDITED FUND, LLC; BAYOU AFFILIATES FUND, LLC; BAYOU NO LEVERAGE FUND, LLC; BAYOU SUPERFUND, LLC; BAYOU SECURITIES, LLC; BAYOU MANAGEMENT, LLC; AND BAYOU FUND LLC, *et al.*, | : | |
| Defendants in Rem. | : | |

------------------------------------x

WHEREAS, in the above-captioned criminal case, on October 19, 2005, the Court entered a Preliminary Order of Forfeiture as to defendant DANIEL E. MARINO (the "defendant"), finding him jointly and severally liable for a personal money judgment in the amount of $450 million, and forfeiting all of his right, title and interest in certain property, including, but not limited to, all proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 (the "Property"), on the ground that such property constitutes proceeds obtained as a result of the offenses charged in Counts One, Three and Four of the Information, and property traceable to such property;

WHEREAS, on September 1, 2005, the United States initiated the above-captioned civil forfeiture action by the filing of a verified complaint for forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984 of all right, title and interest in all assets of Bayou Accredited Fund, LLC; Bayou Affiliates Fund, LLC; Bayou No Leverage Fund, LLC; Bayou Superfund, LLC; Bayou Securities, LLC; Bayou Management, LLC; and Bayou Fund LLC, on the ground that such property constitutes the proceeds of mail fraud, wire fraud, and securities fraud, and property traceable to such property;

WHEREAS, as set forth in the Stipulation and Order entered September 15, 2005, a copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference, the property subject to civil forfeiture includes the Property;

WHEREAS, title to the Property is held in the defendant's name, and the Property is subject to various liens and encumbrances, including unpaid real estate taxes, and mortgage liens by Wachovia Bank, National Association, and Wachovia Mortgage Corporation ("Wachovia"), having an unpaid principal balance of approximately $2,900,000, to wit, a mortgage in favor of Wachovia Mortgage Corporation dated December 26, 2003, and recorded on January 5, 2004, in the official land records of the Town of Westport, Connecticut; a mortgage in favor of Wachovia Bank, National Association, dated December 31, 2003, and recorded on January 5, 2004, in the official land records of the Town of Westport, Connecticut; and a mortgage in favor of Wachovia Bank, National Association, dated April 1, 2004 and recorded on April 14, 2004, in the official land records of the Town of Westport, Connecticut (hereinafter collectively referred to as the "Wachovia Loans" or the "Loans");

WHEREAS, Wachovia represents that it lacked knowledge that the Property allegedly constituted the proceeds of specified unlawful activity, or property traceable to such property;

WHEREAS, Wachovia has initiated foreclosure proceedings involving the Property in Connecticut state court (the "Foreclosure Action");

WHEREAS, as a result of the physical condition of the Property, market conditions and other factors, the current appraised value of the Property is less than the amount of the principal balance of the Wachovia Loans;

WHEREAS, Wachovia has requested the resolution of the United States's claims for forfeiture of the Property in the above-captioned cases in order to proceed with a sale of its Loans at a discounted price to a purchaser who would have the right to continue the Foreclosure Action;

WHEREAS, Wachovia has offered to pay the United States the sum of $300,000 from the proceeds of the Loan sale in exchange for the Office's agreement to allow Wachovia's sale of the Loans and the Foreclosure Action to go forward, and to release its lis pendens as to the Property;

WHEREAS, based upon circumstances including the principal balance of the Wachovia Loans compared with the depreciated value of the Property, and the need to dispose of the United States's interest in the Property in a manner that will maximize its recovery, for the ultimate benefit of victims of the offense, pursuant to 21 U.S.C. § 853(i)(1), 18 U.S.C. § 981(e)(6) and 28 C.F.R. Part 9, the Office has agreed to accept Wachovia's offer;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, Margery B. Feinzig, Perry A. Carbone, Barbara A. Ward, and Sharon Cohen Levin, Assistant United States Attorneys, of counsel, and Wachovia Bank, National Association, and Wachovia Mortgage Corporation, by their undersigned counsel, as follows:

1. Conditioned upon sale of the Loans and from the sale proceeds, Wachovia will pay the United States the sum of $300,000 on or before September 15, 2006, by electronic funds transfer to the United States Marshals Service ("USMS"), ABA No. 021030004, ALC No. 00008154, Federal Reserve Bank of New York, 33 Liberty Street, New York, NY 10045, reference number "CATS 05-FBI-005221" (the "Funds").

2. The Office consents to Wachovia's sale of the Loans; shall release its lis pendens as to the Property; and will take no action to contest or interfere with the Foreclosure Action on the basis of the United States's claims for forfeiture of the Property in the above-captioned cases.

3. The USMS shall hold the Funds as a substitute *res* for the Property in the above-captioned cases.

4. Wachovia is hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, the USMS, and the Office, in connection with, or arising out of, the United States's actions against and relating to the Property in connection with the United States's claims for forfeiture of the Property in the above-captioned cases.

4

5. The terms of this Stipulation and Order are in full settlement and satisfaction of any and all claims by Wachovia to or involving the Property or to property traceable to such Property in the above-captioned cases.

6. Wachovia understands and agrees that by entering into this settlement of its interests in the Property, it waives any rights to litigate further against the United States its interest in the Property, and to petition for remission or mitigation of the forfeitures in the above-captioned cases.

7. The Office reserves the right to void this Stipulation if, before payment of the Funds, the Office obtains new information indicating that Wachovia is not an innocent owner or bona fide purchaser for value pursuant to the applicable forfeiture statutes.

8. The Office and Wachovia shall each bear their own costs and attorneys' fees.

9. The signature pages of this Stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

10. The undersigned individuals signing this Stipulation represent and warrant that they are authorized to execute this Stipulation. The undersigned United States signatory represents that he/she is signing this Stipulation in his/her official capacity and that he/she is authorized to execute this Stipulation.

11. The undersigned individuals represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done in order to enable them lawfully to enter into this Stipulation.

12. This Stipulation constitutes the complete agreement between the Office and Wachovia with respect to the Property. This Stipulation may not be amended except by written consent of the same.

13. The exclusive jurisdiction and venue for any dispute arising between and among the signatories to this Stipulation, and for any action related in any way to an indemnification under this Stipulation, will be the United States District Court for the Southern District of New York, and this Court, by its endorsement of this Stipulation and Order, expressly retains such authority.

Dated: White Plains, New York
       August 28, 2006

McCARTER & ENGLISH, LLP

By: _____
Joseph Lubertazzi, Jr.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel. 973-639-2082
Fax 973-297-3940
Counsel for Wachovia Bank,
National Association, and
Wachovia Mortgage Association

MICHAEL J. GARCIA
United States Attorney

By: _____
Margery B. Feinzig
Perry A. Carbone
Barbara A. Ward
Sharon Cohen Levin
Assistant U.S. Attorneys
Tel. 914-993-1912/212-637-1048
Fax 914-682-3392/212-637-0421

SO ORDERED:

_____                Date: 8/29/06
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE